Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiff,
Giselle Zornberg

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GISELLE ZORNBERG, an individual,<br><br>     Plaintiff,<br>v.<br><br>EQUIFAX INC.; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., LONG ISLAND UNIVERSITY;<br><br>     Defendant. | Case No.:  **'16CV3005 GPC NLS**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff GISELLE ZORNBERG ("Plaintiff"), through her attorneys, files this Complaint and brings this action against Defendants EQUIFAX INC. ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"),

- 1 -

COMPLAINT

1. TRANS UNION LLC ("Trans Union"), and LONG ISLAND UNIVERSITY ("LIU") (collectively as "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g). Defendants' willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known were erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i; and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 et seq. ("CCCRAA").

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, in the State of California.

12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).

13. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

14. Defendant Equifax is a corporation incorporated in the State of Georgia.

15. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

16. Defendant Trans Union is a limited liability company organized in the State of Delaware.

17. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

18. Defendant Experian is a corporation incorporated in the State of Ohio.

19. Defendant LIU is a private university that regularly extends credit in the form of student loans, organized and existing under the laws of the State of New York.

20. Defendant LIU is a furnisher of information as contemplated by FCRA §§ 1681s-2(a) & (b), which regularly and in the ordinary course of business

furnish information to one or more consumer reporting agencies about consumer transactions and / or experiences with any consumer.

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL FACTUAL ALLEGATIONS

22. At all times, relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times, relevant to this matter, Defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS RE: LONG ISLAND UNIVERSITY (ACCOUNT 999997739M1xxxx)

24. On or about March 2016, Plaintiff became aware that Experian was reporting a continuing obligation owed to Long Island University ("LIU") on Plaintiff's credit report.

25. On Plaintiff's credit report, Experian is reporting this obligation owed to LIU with a status of "Open/Never late. Deferred," despite the fact that Plaintiff never attended LIU and has no outstanding debt owed to LIU.

26. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Experian via written communications dated May 24, 2016.

27. Experian failed to conduct a reasonable investigation with respect to the

COMPLAINT

disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Experian by Plaintiff. Experian's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

28. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants Experian and LIU failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

29. Through this conduct, LIU has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian that LIU knew or should have known was inaccurate.

30. As a result of Experian and LIU's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Experian and LIU's inaccurate and derogatory information, without success.

## FACTUAL ALLEGATIONS RE: LONG ISLAND UNIVERSITY
## (ACCOUNT 999997739PExxxx)

31. On or about March 2016, Plaintiff became aware that Experian was reporting a continuing obligation owed to Long Island University ("LIU") on Plaintiff's credit report.

32. On Plaintiff's credit report, Experian is reporting this obligation owed to LIU

COMPLAINT

with a status of "Open/Never late. Deferred," despite the fact that Plaintiff never attended LIU and has no outstanding debt owed to LIU.

33. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Experian via written communications dated May 24, 2016.

34. Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Experian by Plaintiff. Experian's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

35. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants Experian and LIU failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

36. Through this conduct, LIU has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian that LIU knew or should have known was inaccurate.

37. As a result of Experian and LIU's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Experian and LIU's inaccurate and derogatory information, without success.

COMPLAINT

## FACTUAL ALLEGATIONS RE: HUNTER WARFIELD (ACCOUNT 5461768xxxx)

38. On or about March 2016, Plaintiff became aware that Equifax and Trans Union were reporting a continuing obligation owed to Hunter Warfield on Plaintiff's credit report.

39. On Plaintiff's credit report, Equifax and Trans Union are reporting this obligation owed to Hunter Warfield with a status of "Collection account. $531 past due as of Feb 2016," despite the fact that Plaintiff does not have any outstanding debt owed to Hunter Warfield. Plaintiff lived in an apartment owned by the original creditor, Jefferson 26, and moved out of the apartment in January 2010. Plaintiff and Jefferson 26 agreed to allow Plaintiff to terminate the lease on the condition that Jefferson 26 retain Plaintiff's security deposit in consideration for termination of lease and release of all Plaintiff's liability for any outstanding rent.

40. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Equifax and Trans Union via written communications dated May 24, 2016.

41. Equifax, upon receiving notice of Plaintiff's dispute, failed to respond to entirely with respect to the disputed information, as required by the FCRA.

42. Equifax and Trans Union failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Equifax and Trans Union by Plaintiff.  Equifax and Trans Union's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

43. As a result of Equifax and Trans Union's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Equifax and Trans Union's inaccurate and derogatory information, without success.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681 ET SEQ.
## [AGAINST ALL DEFENDANTS]

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

46. Defendants' violations include, but are not limited to, Defendants' violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiff.

47. Defendants' conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

48. As a result of each and every negligent violation of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).

49. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1 ET SEQ.
### [AGAINST DEFENDANT LIU ONLY]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

52. In the regular course of its business operations, Defendant LIU routinely furnishes information to credit reporting agencies pertaining to transactions between LIU and LIU's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

53. Because LIU is a private university, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), LIU is and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since LIU received notice that Plaintiff's accounts were reporting inaccurately, LIU should have adjusted Plaintiff's accounts accordingly, but

failed to do so.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

54. For each incident of willful noncompliance:

   A. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful non-compliance of the FCRA;

   B. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

   C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

   D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

   E. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;

   F. Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;

   G. An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;

   H. For equitable and injunctive relief, pursuant to Cal. Civ. Code § 1785.31(b) against Defendants;

I. Any and all other relief the Court deems just and proper.

Dated: December 12, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Giselle Zornberg

## **TRIAL BY JURY**

55. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 12, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Giselle Zornberg